## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ROGER GORDON,                    )
                                 )
                Plaintiff,       )
                                 )
v.                               )        Civil Action No. 3:13cv113–HEH
                                 )
RICHMOND PUBLIC SCHOOLS,         )
*et al.*,                        )
                                 )
                Defendants.      )

### MEMORANDUM OPINION
### (DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE RULE 59 MOTION LATE, DISMISSING PLAINTIFF'S RULE 59 MOTION, AND DENYING PLAINTIFF'S RULE 60 MOTION)

THIS MATTER is before the Court on PLAINTIFF'S (1) Motion for Permission to File Rule 59 Motion Late Due to Computer and Internet Issues (ECF No. 21), (2) amended Rule 59 Motion for a Ruling Altering the Court's Judgment Under Rule 59 (ECF No. 25), and (3) amended Rule 60 Motion to Vacate the Court's Order Dismissing his Claim (ECF No. 23). All of Plaintiff's motions were filed on August 28, 2013. Defendants have responded, and this matter is ripe for decision. The Court will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and oral argument would not aid in the decisional process.

### I. BACKGROUND

In December 2012, Roger Gordon ("Gordon"), an African-American of Jamaican heritage, was terminated from his employment as an electrical utilities worker for the

City of Richmond School Board (the "School Board").[1] *Gordon v. Richmond Pub. Sch.*, No. 3:13CV113-HEH, 2013 LEXIS 106701, at *1 (E.D. Va. July 30, 2013). The stated reason for his termination was that Gordon had allegedly threatened four co-workers. *Id.* Gordon alleges that this reason was mere pretext, and that, instead, he was terminated as a result of discrimination on the basis of race, color, and national origin. *Id.*

In March 2010 ("March 2010 incident"), Gordon was reprimanded for visiting his daughter during school hours, despite a court order specifically granting him visitation rights during school hours. *Id.* at 3. On further investigation, Gordon's superiors withdrew the reprimand on that basis. *Id.*

Gordon filed an EEOC Charge alleging that the School Board had terminated his employment on the basis of his race. *Id.* at 6. After receiving a "right to sue letter," Gordon brought an action against the School Board, each of its members individually and in their official capacity, the school superintendent, his supervisors, and several of his co-workers. *Id.* He asserted fourteen separate counts based on discriminatory termination (Counts I, II, and IV) and retaliation (Counts III and V) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17, and 42 U.S.C. § 1981, as well as various state law claims (Counts VI, VII, VIII, IX, X, XI, XII, XIII, and XIV). *Id.*

---

[1] The School Board is not named as a defendant. Instead, Gordon has named the "Richmond Public Schools" and the "Richmond Public School Board," neither of which is an existing entity. For the sake of analysis, the Court construes the First Amended Complaint to bring claims against the School Board because Gordon named every School Board member as defendants sued in their official capacity.

This Court found that Gordon failed to state a claim for unlawful discrimination or retaliation, and, accordingly, dismissed Gordon's case without prejudice under Rule 12(b)(6). *Id.* at 16. After dismissing the federal claims, this Court declined to exercise supplemental jurisdiction over Gordon's state law claims. *Id.*

In his Rule 59 and Rule 60 Motions, Gordon urges this Court to reconsider its assessment of his case, because he has discovered new evidence. He contends the evidence will demonstrate that his termination was directly related to his complaint about the March 2010 incident. (Pls.'s Mem. Supp. Rule 60 Mot. 3 (ECF No. 24); Pls.'s Mem. Supp. Rule 59 Mot. 2 (ECF No. 26)).

## II. STANDARD OF REVIEW

"[B]efore a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.' After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Casualty Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal citations omitted).

Following the threshold showing, the standard governing relief on the basis of newly discovered evidence under Rule 60(b)(2), which Gordon raises, requires that a party demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

3

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). "A fact is material if it

'might affect the outcome of the suit under the governing law.'" *Libertarian Party of Va.*

*v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (citing *Henry v. Purnell*, 652 F.3d 524, 548

(4th Cir. 2011)).

"Where the motion is nothing more than a request that the district court change its

mind, however, it is not authorized by Rule 60(b)." *United States v. Williams*, 674 F.2d

310, 313 (4th Cir. 1982). Such motions "may not be used . . . to raise arguments which

could have been raised prior to the issuance of the judgment, nor may they be used to

argue a case under a novel legal theory that the party had the ability to address in the first

instance." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)

(citations omitted). Generally, "reconsideration of a judgment after its entry is an

extraordinary remedy which should be used sparingly." *Id.* (citation and internal

quotation marks omitted).

### III. DISCUSSION

### A. RULE 59 MOTION

Gordon filed his Rule 59 Motion on August 28, 2013. By order dated July 26,

2013 (ECF No. 15), and opinion dated July 30, 2013 (ECF No. 16), the Court dismissed

the case without prejudice. [2]  Under Rule 6(b)(2) and the Fourth Circuit's interpretation

---

[2] *Gordon v. Richmond Pub. Sch.*, No. 3:13CV113-HEH, 2013 LEXIS
106701, at *16 (E.D. Va. July 30, 2013). Plaintiff's Rule 59 Motion is five days
late from the date that the dismissal order was entered, and one day late from the
date of the opinion.

of the Rules, courts may not permit parties to file Rule 59 Motions late. As the Fourth

Circuit explained,

> [t]o give *Rule 60(b)(6)* broad application would undermine numerous other
> rules that favor the finality of judgments, such as *Rule 59* (requiring that
> motions for new trial or to alter or amend a judgment be filed no later than
> 28 days after the entry of judgment); *Rule 6(b)(2)* (providing that a court
> may not extend the time to file motions under *Rules . . . 59(e)*, and *60(b)*).

*Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011).

Gordon's delinquency is fatal to his Rule 59 Motion. Accordingly, the Court (1)

denies Plaintiff's Motion for Permission to File Rule 59 Motion Late (ECF No. 21), and

(2) dismisses as untimely, Plaintiff's amended Rule 59 Motion (ECF No. 25).

### B. RULE 60 MOTION

Gordon has not satisfied the threshold showing of exceptional circumstances

necessary for relief under Rule 60.[3] *See Murchison v. Astrue*, 466 Fed. App'x 225, 229

(4th Cir. 2012) (unpublished) (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.

1986) (per curiam)) ("[E]xtraordinary circumstances [are those] that create a substantial

danger that the underlying judgment was unjust.").

Even if Gordon had shown there are exceptional circumstances, he cannot

demonstrate – under his *original* complaint – that the alleged *newly* discovered evidence

---

[3] Rule 60 states in pertinent part, "(b) Grounds for Relief from a Final Judgment,
Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal
representative from a final judgment, order, or proceeding for the following reasons: . . .
(2) newly discovered evidence that, with reasonable diligence, could not have been
discovered in time to move for a new trial under Rule 59(b)."

is material or that it "is likely to produce a new outcome if the case were retried."
*Boryan*, 884 F.2d at 771.

The Court dismissed Gordon's case without prejudice under Rule 12(b)(6).
*Gordon v. Richmond Pub. Sch.*, No. 3:13CV113-HEH, 2013 LEXIS 106701, at *16 (E.D.
Va. July 30, 2013). Because Gordon has not sought leave of Court to amend his
complaint to incorporate the alleged newly discovered evidence, the Court is limited to
Gordon's original complaint in evaluating his Rule 60 Motion. *See, Republican Party of
N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted) ("A motion to
dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not
resolve contests surrounding the facts, the merits of a claim, or the applicability of
defenses." ). The Court may only consider whether there is newly discovered evidence
sufficient to warrant relief from judgment if the plaintiff has sought to amend the
complaint to incorporate the alleged newly discovered evidence. *See e.g., Chambers v.
New York City Dep't of Housing Preservation & Dev.*, 1990 U.S. Dist. LEXIS 16466, 1-3
(S.D.N.Y. Dec. 5, 1990), *Kurzweil v. Philip Morris Cos.*, 1997 U.S. Dist. LEXIS 4451, 1-
2 (S.D.N.Y. Apr. 8, 1997), *Epps v. Howes*, 573 F. Supp. 2d 180, 181-182 (D.D.C. 2008).

Accordingly, Gordon cannot rely on the exhibits he submitted with his Rule 60
Motion because they were not included in his original complaint, and he has not sought to
amend his complaint so that the Court could consider them. Thus, Gordon's Rule 60
Motion fails. [4]

---

[4] In his Rule 60 Motion, Gordon also contends that in its Memorandum Opinion
dismissing the case, the Court mistakenly misstated facts, and argues that these mistakes

## IV. CONCLUSION

The Court denies Gordon's Motion for Permission to File Rule 59 Motion Late (ECF No. 21), and dismisses as untimely, Plaintiff's amended Rule 59 Motion (ECF No. 25).

In sum, the Court finds Gordon, having not requested leave to amend his *original* complaint, cannot show that the alleged *newly* discovered evidence merits the "extraordinary remedy" of reconsideration of judgment. *Pac. Ins. Co.*, 148 F.3d at 403. Accordingly, the Court denies Plaintiff's amended Rule 60 Motion to Vacate the Court's Order Dismissing his Claim (ECF No. 23).

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Sep. 10, 2013
Richmond, Virginia

---

and misstatements resulted in erroneous conclusions and "a travesty of justice." (Pls.'s Mem. Supp. Rule 60 Mot. 16 (ECF No. 24)). However, Gordon's argument "is nothing more than a request that the district court change its mind." *Williams*, 674 F.2d at 313. As such, his argument fails.